United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSE DE JESUS PEREZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-06525** |
| | § | |
| **RAYMOND THOMPSON and UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

This case, like thousands of others filed in recent months, asks whether a person who entered the United States illegally is entitled to habeas relief from detention during removal proceedings. The answer, in this case, is no.

Jose De Jesus Perez is being detained at the Joe Corley Processing Center in Conroe, Texas, in the custody of the Department of Homeland Security and Warden Raymond Thompson. (Dkt. No. 1 at 2). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1). Perez does not challenge the fact that he previously entered the United States without inspection or admission. (Dkt. No. 1 at 1-27). Perez nonetheless asserts that his current detention "raises serious concerns under the Due Process Clause of the Fifth Amendment." (Dkt. No. 1 at 17).

Perez is being held as required under 8 U.S.C. § 1225(b)(2). His detention is required by statute and does not violate procedural or substantive due process. *Sosnava Rodriguez v. Vergara*, ____ F.4th ____, 2026 WL 3181188, at *5, *10, *13 (5th Cir. Oct. 23,

2026) (en banc). The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**. The Government's Motion to Stay Proceedings in this Case is **DENIED as moot** and its Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

Perez is a citizen of Mexico who, according to the Government, "entered the United States at or near El Paso, Texas, on or about an unknown time." (Dkt. No. 5-2 at 2). Perez states that he "entered the United States in 2001." (Dkt. No. 1 at 3). Records from 2011 indicate that when Perez arrived in the United States he was not "admitted or paroled." (Dkt. No. 5-2 at 2). In February 2019, Perez was ordered to be removed from the United States in absentia. (Dkt. No. 5 at 3). Later, however, his immigration case was reopened. (*Id.*). In March 2024, Perez was again denied relief and again ordered to be removed from the United States. (*Id.*). Perez then filed an appeal with the Board of Immigration Appeals, which remains pending. (*Id.*).

Perez filed his petition for a writ of habeas corpus on August 10, 2026. (Dkt. No. 1 at 1). Perez argues that his detention during his removal proceedings is excessive and unreasonable under the Fifth Amendment. (Dkt. No. 1 at 17). He states that he has been in Immigration and Customs Enforcement custody since November 17, 2025. (Dkt. No. 1 at 8).

The Government has responded. (Dkt. No. 5). The Government first requested that this Court hold the petition "in abeyance until there is a full resolution on rehearing in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, *mandate held* (5th Cir. July 2, 2026)." (*Id.* at 1). Alternatively, the Government argued that the petition should be

denied because "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." (*Id.*). The Government asserts that this conclusion is "required under controlling precedent" and that "§ 1225(b)(2) as applied here does not violate due process." ( *Id.* at 1, 8).

A search of the ICE Online Detainee Locator System reveals that Perez is detained at the Joe Corley Processing Center in Conroe, Texas. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/ odls/#/search, (last accessed Oct. 28, 2026). The facility is in Montgomery County, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(2).

## II. LEGAL STANDARDS

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S.Ct. 2633, 2644, 159 L.Ed.2d 578 (2004) (plurality opinion). The writ "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.* A district court may grant a writ of habeas corpus if a petitioner shows that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for a writ of habeas corpus shall . . . award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. PEREZ'S DETENTION DOES NOT VIOLATE DUE PROCESS

Perez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), which does not violate due process.

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), the Fifth Circuit held that an alien present in the United States who has not been admitted is both an "applicant for admission" and deemed to be "seeking admission," and that such aliens are thus subject to mandatory detention under Section 1225(b)(2)(A). This Court has discussed *Buenrostro-Mendez* in detail in prior opinions. *See Martinez-Ortiz v. Mullin*, No. 4:26-CV-06446, 2026 WL 3061118, at *2 (S.D. Tex. Oct. 9, 2026); *Lopez v. Tate*, No. 4:26-CV-06401, 2026 WL 2958295, at *2–3 (S.D. Tex. Oct. 1, 2026). The Fifth Circuit's binding opinion in *Buenrostro-Mendez* forecloses the statutory argument that such an alien is not subject to mandatory detention under Section 1225(b)(2)(A), along with any derivative claim that the agency lacks statutory authority to detain him on that basis. *Buenrostro-Mendez*, 166 F.4th at 502–08. There is no dispute in this case that Perez is subject to detention under the statute.

The Fifth Circuit has also clarified that mandatory detention under Section 1225(b)(2)(A), without an individualized bond hearing, does not violate procedural or

substantive due process merely because the Government has not established dangerousness or flight risk. *Sosnava Rodriguez*, 2026 WL 3181188, at *5, *10, *13. With reference to detention pending conclusion of removal proceedings for aliens who, like Perez, have never been admitted, the decision holds that procedural due process does not require additional proceedings beyond those Congress has provided before detention under Section 1225(b)(2)(A). *Id.* at *5. As to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Id.* (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 138, 140 S.Ct. 1959, 1982, 207 L.Ed.2d 427 (2020)) (emphasis in original).

The Fifth Circuit also held that "[a]ny assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Id.* at *10. Citing the Eighth Circuit, the Fifth Circuit further held that "[s]o long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (citing *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)).

Taken together, these decisions resolve Perez's due-process claims as presently asserted.[1] He is not entitled to the relief he seeks during the pendency of his removal proceedings.

---

[1] *Sosnava Rodriguez* recognizes that a due-process issue may arise if the Government delays removal merely as punishment or continues to detain an alien after it becomes clear that removal is only a remote possibility. 2026 WL 3181188, at *13. In *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 2505, 150 L.Ed.2d 653 (2001), the Supreme Court construed 8 U.S.C. § 1231(a)(6) to include a presumptively reasonable six-month period of post-removal-order detention. Perez, however, is still awaiting the Board of Immigration Appeals' determination of

## IV. CONCLUSION

There is no genuine dispute as to any material fact in this case. As explained above, Respondents are entitled to judgment as a matter of law. Perez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is therefore **DENIED**. (Dkt. No. 1). The Respondents' Motion to Stay consideration of this petition is **DENIED as moot**. The Respondents' Motion for Summary Judgment is **GRANTED**. (Dkt. No. 5).

It is SO ORDERED.

Signed on November 4, 2026.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

his appeal and therefore is not subject to a final order of removal. *See* 8 U.S.C. § 1101(a)(47)(B). Accordingly, Section 1231(a)(6) does not apply.